UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ELIJAH LENNON MCLEAN,

                Plaintiff,

                v.

COUNTY OF MERCER DEPARTMENT
OF PROBATION, *et al.*,

                Defendants.

Civil Action No. 24-9455 (MAS) (JBD)

**MEMORANDUM ORDER**

---

This matter comes before the Court upon pro se Plaintiff Elijah Lennon McLean's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (IFP Appl., ECF No. 1-1.) In support of his IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally id.*) Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff has established indigence and grants the IFP Application. Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen his Complaint. (Compl., ECF No. 1.)

Section 1915(e)(2) requires the Court to screen Plaintiff's Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pleadings filed by pro se plaintiffs liberally and holds them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a "person" acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

In the Complaint, Plaintiff alleges that Defendants County of Mercer Department of Probation (the "County") and Robert MacDonald[2] ("MacDonald" and together with the County,

---

[2] The Court understands MacDonald to be a probation officer for the County. (*See generally* Compl.) Thus, pursuant to N.J. Stat. Ann. §§ 2B:10-3(d) and 4(b), MacDonald is a judicial employee of the State of New Jersey.

"Defendants") have been improperly garnishing his wages to pay his child support obligations. (*See generally* Compl.) Even if Plaintiff is right about the improper garnishments—which the Court assumes in applying the Rule 12(b)(6) standard—his claims against Defendants cannot proceed because, among other reasons, Defendants are immune from suit.

First, the County is considered to be an arm of the State of New Jersey, and thus it is not subject to liability under Section 1983 because it is not deemed to be a person within the language of Section 1983. *See Torres v. Velasquez*, No. 17-1685, 2017 WL 5725053, at *1 n.1 (D.N.J. Nov. 28, 2017) (holding the same concerning county probation departments in New Jersey); *Pittman v. Middlesex Cnty. Prob. Dep't*, No. 14-1568, 2017 WL 1129592, at *3 (D.N.J. Mar. 24, 2017) (same); *Travers v. Essex County*, No. 15-2508, 2015 WL 3866325, at *2 n.1 (D.N.J. June 23, 2015) (same). Indeed, the Eleventh Amendment also bars a plaintiff from bringing claims under Section 1983 against state agencies and state officials, because those kinds of claims are, in effect, brought against the State of New Jersey itself.[3] *See Jaye v. Att'y Gen. of N.J.*, 706 Fed. App'x 781, 783-84 (3d Cir. 2017).

Second, as it pertains to probation officer MacDonald, he is subject to quasi-judicial immunity because the actions, as alleged, were taken as part of his judicial responsibilities. *See, e.g., Stankowski v. Farley*, 251 Fed. App'x 743, 746 (3d Cir. 2007) (explaining probation officers are cloaked with judicial immunity when their actions are part of their judicial responsibilities). Furthermore, quasi-judicial immunity can only be overcome where the alleged actions are not taken in their capacities as probation officers or where their actions are taken in the absence of all jurisdiction. *See Mireless v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff makes no such allegations

---

[3] As County probation departments are considered arms of the State, they enjoy Eleventh Amendment immunity. *See Gencarelli v. Superior Ct. of N.J.*, No. 04-3332, 2005 WL 1490590, at *3 (D.N.J. June 22, 2005).

here (*see generally* Compl.).[4] Moreover, amendment would be futile because Plaintiff could not plausibly allege that MacDonald's actions were not taken as part of his judicial responsibility or were in the absence of all jurisdiction. As such, because Defendants are immune from suit for the actions that provide the basis for Plaintiff's claims, and any amendment would be futile, the Complaint must be dismissed with prejudice.[5]

IT IS, THEREFORE, on this 16th day of January 2025, ORDERED as follows:

1.    Plaintiff's IFP Application (ECF No. 1-1.) is GRANTED.

2.    The Clerk of the Court shall file the Complaint (ECF No. 1).

3.    Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE.

4.    The Clerk of Court shall close this case.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] To the extent that Plaintiff is seeking injunctive relief directing Defendants to alter his payment scheme, his claims must also be dismissed because this Court lacks jurisdiction under the domestic relations exception to federal jurisdiction. *See, e.g., Delaney v. D.C.*, 659 F. Supp. 2d 185, 192-93 (D.D.C. 2009) (dismissing for lack of jurisdiction under the exception where a plaintiff sought "to enjoin the enforcement of his child support obligations and/or to have those obligations modified or recalculated").

[5] Although Plaintiff may not be without recourse, a lawsuit in federal court is not the proper vehicle for him to seek damages or changes to his child support payment scheme. Plaintiff would be better served turning to the appropriate state agencies or the New Jersey state courts for relief.